Chief Justice Hernández and Justices Figueras, MacLeary, Wolf and del Toro concurred.

---

## HERNÁNDEZ *v*. THE DISTRICT COURT.

### APPLICATION for Writ of *Certiorari*.

No. 51.—Decided May 7, 1909.

PERSONAL APPEARANCE OF THE PARTIES—ATTORNEYS—SPANISH LAW.—Under the Spanish Law of Civil Procedure and General Order No. 118, the parties interested could appear in person to defend their case, without the necessity of attorney.

ID.—UNCONSTITUTIONAL LAW.—If Porto Rico were a territory of the United States to which all the provisions of the Constitution had been held to apply, there is no doubt that the provision of law in article 51 of the Code of Civil Procedure, if its intention were to exclude parties from being heard unless represented by attorney, would be against the Constitution of the United States.

ID.—UNCONSTITUTIONAL LAW—PRESUMPTION.—In conformity with the doctrine above set forth, it is to be presumed that the legislature had not intended to pass a law that in its effect would establish a state of things that would be contrary to law if carried out in the United States.

ID.—APPEARANCE BY ATTORNEY—CONSTRUCTION OF THE LAW—PRESENT LAW.— Section 51 of the present Code of Civil Procedure relates to actions where one of the parties might want to be represented by another, and in such cases appearance should be made by attorney.

The facts are stated in the opinion.

*Mr. Méndez Vas* for petitioner.

MR. JUSTICE WOLF delivered the opinion of the court.

Agustín Hernández Mena began an action on March 31, 1908, against Doña Ynocencia Cuascú *viuda de* Arán to recover the sum of $402.13 on two promissory notes indorsed to him. The suit was brought in the municipal court of Mayagüez, the defendant appearing by attorney, and when the trial took place on June 22, 1908, the court refused to permit the plaintiff, the petitioner here, to argue his case in person and a judgment was subsequently rendered against him. He appealed to the District Court of Mayagüez.

On the day set for the trial defendant again appeared by attorney, and the complainant again appearing for himself, the said attorney, on account of the lack of such representation, prayed the court that said complainant should not be allowed to defend or try his case, because his appearance was not made by attorney, as required by section 51 of the Code of Civil Procedure. In response to this petition the court refused to hear the complainant. The order of the court was dated August 11, 1908. The complainant appealed to this court, but his appeal was dismissed because it did not fall within the provisions of section 295 of the Code of Civil Procedure.

These facts are brough before us by a petition in *certiorari* alleging that the procedure of the district court was contrary to law, and that the petitioner has no other legal remedy than a recourse to this petition. Section 51 to which reference is made is as follows:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this Code. Appearance in court shall be made through an attorney legally empowered to exercise his profession under the provisions of this law."

We do not think that the Legislature, by this provision of law, intended to exclude a party from appearing and defending in his own behalf.

Under the old Code of Civil Procedure, which was in force prior to July 1, 1904, the subject of litigants, solicitors and

attorneys is treated in book one, title one, section one, article three, providing that:

"Appearance in court shall be made through an attorney (*procurador*) legally empowered to exercise his profession before the court or tribunal trying the case, and with power of attorney considered to be sufficient by an attorney."

Article 4 provides that:

"Notwithstanding the provisions contained in the foregoing article, the parties in interest may appear in person or through their administrators or general attorneys (but cannot make use of the services of persons who are not qualified solicitors in towns where there are such):

"1. In actions to avoid litigation (*actos de conciliación*).

"2. In actions of which municipal judges take cognizance in first instance.

"3. In actions involving interests of between 250 and 3,000 *pesetas* (*de menor cuantía*).

"4. In actions before arbitrators or friendly compromisers.

"5. In proceedings involving various interests (*juicios universales*) when the appearance is limited to the filing of creditors' claims or demands, or to attend meetings.

"6. In pauper applications, incidental to an action, temporary support, cautionary attachments and urgent measures preliminary to the action.

"7. In proceedings of voluntary jurisdiction.

"When the parties in interest do not appear in person, or by their general agents or representatives, they shall employ a duly qualified solicitor, in towns where there are such.

"In the absence of a qualified solicitor, they shall appoint as their representative any resident of the town, of full age, in the enjoyment of his civil rights and able to read and write correctly, giving him the proper power of attorney."

Article 10 provides as follows:

"The litigants shall be guided by attorneys legally qualified to practice their profession in the superior or inferior court taking cognizance of the proceedings. No petition shall be acted upon which does not bear the signature of an attorney.

"The following are the only exceptions:

"1. Proceedings to avoid litigation.

"2. Actions of which municipal judges take cognizance in first instance.

"3. Proceedings of voluntary jurisdiction. In the last case the aid of attorneys is discretional.

"4. Instruments for the purpose of entering an appearance in an action, requesting judgment in default, judicial compulsion, extension of time, publication of evidence, fixing of hearings, their suspension, appointment of experts, and any other acts of mere practice.

"When the suspension of hearings, extension of time, or action requested is based on causes which relate specially to the attorney, the latter shall also, if possible, sign the instrument."

Articles 13 *et seq.* of the old Code of Civil Procedure treat of legal aid to the poor and provide an elaborate system by which poor persons may be adequately represented. The present Code of Civil Procedure is entirely silent on the subject of suits by poor persons.

It will also be noticed that there were a number of cases in which appearances could be made by the parties themselves, as shown by sections four and 10, previously cited.

In Reus's commentaries on article three of the old Code of Civil Procedure of Spain of 1881, he said:

"The appearance in court through a *procurador* was not formerly compulsory, especially in inferior courts. The law first, title 31, book five of the *Novísima Recopilación* required said representation in the Supreme and higher courts. The law of Commercial Procedure and other modern provisions do not make the intervention of *procuradores* compulsory but discretional. The law of procedure of October 5, 1855, was the first one to decree that the appearance in court shall always be made through a *procurador*, although it admits of some exceptions. The present law has reproduced the provisions of the former one. We must, nevertheless, call attention to the fact that modern opinion is in favor of free defense, and there is no lack of writers and jurists who advocate the necessity of the suppression of *procuradores* and that attorneys should not only direct but also represent as well the parties."

The right that a person has to appear in his own behalf has been practically recognized in Spain since the time of the Romans and it embodies a recognized principle of justice; otherwise a poor person or one who was unable to find an attorney might not be heard in court. The principle is shown by the Latin maxims which have come down to us: *"Audi alteram partem. Nemo debet inauditus damnare."* And in Spanish: *"Nadie debe ser condenado sin ser primero oido y vencido en juicio."*

Under the American and English systems the representation by attorney was subsequent in time to the appearance for one's self. (See Pollack & Maitland's History of English Law, Vol. 1, p. 211.) Under the American system the right to appear for one's self is universal and unquestioned.

The practice that was established by the Code of Civil Procedure that went into force in 1855 and which was continued by subsequent Codes was modified by the order No. 118. As provided in section 48 of that order litigants must be advised by lawyers registered at the bar of this Island, and may appear personally or by procurators, as they choose. If Porto Rico were a territory of the United States to which all the provisions of the Constitution had been held to apply, there is no doubt that the provision of law in article 51 of the Code of Civil Procedure, if its intention were to exclude parties from being heard unless represented by attorney, would be against the Constitution of the United States. The presumption, therefore, is that the Legislature would not pass a law that, in its effect, would establish a state of things that would be contrary to law if carried out in the United States.

This is more evident when one considers the solitary, incomplete and unrelated provisions in regard to appearance by attorney. If in the face of the history of the practice in Spain, in the United States and in Porto Rico itself, the Legislature had desired to make the representation by attorney an indispensable prerequisite to appearance in court, they should have used apt and unequivocal language. Did the Leg-

islature make its intention clear by the provisions of the Code of Civil Procedure? We think the contrary intention is shown by other provisions of the Code of Civil Procedure. Sections 88, 105, 131, 134, 135 and 192 all contain provisions more or less inconsistent with the idea that a party must be represented by attorney, as they speak of things to be done by the party himself; and section 323 provides as follows:

"A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. But where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned in the action for want of bail."

As also indicating that the Legislature did not make a representation by attorney necessary is the fact that such a construction would also apply to the municipal and Justice of the Peace courts. There are recognized as poor men's courts wherein a want of formality and freedom of expense are the primary objects.

Now, is there any way of reconciling the provisions of section 51 with the rest of the Code of Civil Procedure so as to make it harmonious and carry out the intention of the Legislature? We think there is. It was well and ably contended by the attorney for the petitioner that the section relates to actions when a person might want to be represented by another, and in such cases appearance should be made by a regular practicing attorney and not by one who merely holds a power of attorney.

There is no class of persons whose rights are affected by construing this section of the Code of Civil Procedure to mean that when a party appears by another it must be by a regular attorney at law. We, therefore, feel constrained to hold that the municipal and District Courts of Mayagüez were mistaken in their application of the law. The application, however,

merely relates to the proceedings in the district court. We think that these proceedings were against the law and they must, therefore, be annulled.

*Reversed.*

Acting Chief Justice Hernández and Justices Figueras, MacLeary and del Toro concurred.